UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| PRENTISS ANTONIO PHILLIPS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 21-2157-SHM-tmp |
| DENTIST THOMAS HENRY, ET AL., | ) ) ) |
| Defendants. | ) |

**ORDER VACATING PRIOR ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 4);
DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 2); AND
DISMISSING COMPLAINT (ECF NO. 1) PURSUANT TO 28 U.S.C. § 1915(g)**

On March 11, 2021, Prentiss Antonio Phillips, who is a three-strike filer under § 1915(g) of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"), filed a *pro se* civil complaint (ECF No. 1) and a motion to proceed *in forma pauperis* (ECF No. 2). Phillips is currently incarcerated at the West Tennessee State Penitentiary (the "WTSP") in Henning, Tennessee. (ECF No. 1 at PageID 3.) On March 15, 2021, the Court granted leave to proceed *in forma pauperis* and assessed the three hundred and fifty dollar ($350.00) civil filing fee. (ECF No. 4 (the "IFP Order").)

Under the PLRA, a prisoner bringing a civil action must pay the full civil filing fee. The PLRA merely provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. 28 U.S.C. § 1915(b)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period

of time under an installment plan.  Prisoners are no longer entitled to a waiver of fees and costs"), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b).  Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"Such a litigant cannot use the period payment benefits of § 1915(b).  Instead, he must make full payment of the filing fee before his action may proceed."  *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002).  The Sixth Circuit has upheld the constitutionality of this provision.  *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).  To satisfy the imminent danger exception, a prisoner must allege that a threat or prison condition is "real and proximate and the danger of serious physical injury must exist at the time the complaint is filed."  *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted).

Phillips has filed at least three previous civil actions in federal court that were dismissed for failure to state a claim or as frivolous.[1]  The IFP Order (ECF No. 4) is VACATED because Phillips may not file any further action in which he proceeds *in forma pauperis* unless Phillips first demonstrates that he was under imminent danger of serious physical injury at the time the

---

[1] *See Phillips v. Houston-Fagan*, No. 3:15-cv-00447-PLR-HBG (E.D. Tenn. Mar. 21, 2018) (dismissed as malicious); *Phillips v. Bunch, et al*., No. 3:14-cv-00340-PLR-HBG (E.D. Tenn. Apr. 18, 2018) (dismissed for failure to state a claim to relief); and *Phillips v. Balderidge, et al*., No. 1:12-cv-01054-JCT-egb (W.D. Tenn. Nov. 13, 2012) (dismissed for failure to state a claim to relief).

complaint was filed.  *See*, *e.g.*, *Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner*, 290 F. App'x at 797-98.

Phillips alleges the Defendants were deliberately indifferent to Phillips's medical care for three conditions: (1) "torn ligaments and tendons in [Phillips's] shoulder … that are causing me extreme pain and numbness" (the "Shoulder Condition"); (2) "a huge mass inside my lower left lung [that] has yet to be diagnosed," which was allegedly discovered by "the orthopedic surgeon [who] [performed] routine [pre-operative] x-rays and MRI's" (the "Lung Condition"); and (3) "painful sores in [Phillips's] mouth" after extraction of Phillips's infected tooth (the "Mouth Sore Condition").  (ECF No. 1 at PageID 4-5.)  Phillips sues three Defendants: (1) Darl Bell, Medical Director at the WTSP; (2) Donna Chisholm, nurse practitioner at the WTSP; and (3) Dr. Thomas Henry, dentist.  (*Id*. at PageID 1.)  Phillips seeks: (1) declaratory relief; (2) injunctive relief for immediate medical examination, medical treatment, and transfer to "the prison hospital"; (3) two thousand dollars ($2,000.00) in compensatory damages; and (4) eight thousand dollars ($8,000.00) in punitive damages.  (*Id*. at PageID 6-7.)

The complaint (ECF No. 1) does not allege that Phillips is in imminent danger of serious physical injury as a result of the Defendants' conduct described in the complaint.  Phillips does not allege facts supporting a demonstration of imminent danger of serious physical injury to Phillips at the time he filed the complaint from the Shoulder Condition, the Lung Condition, or the Mouth Sore Condition.  (*See id*. at PageID 4-5.)

In a situation similar to the Lung Condition, a federal court in Tennessee has concluded that Phillips failed to allege facts sufficient demonstrating imminent danger.  In *Phillips v. Miller*, No. 19-cv-022, 2020 WL 437548, at *4 (E.D. Tenn. Jan. 28, 2020), Phillips alleged he needed "a biopsy for a mass on his lung that a prior doctor had found in a chest x-ray[.]  [Phillips wanted] to

3

rule out the possibility that the mass was cancerous or causing Plaintiff shortness of breath." *Id*. The U.S. District Court for the Eastern District of Tennessee concluded that Phillips's allegations "do not … allow the Court to plausibly infer that Plaintiff was in imminent danger of serious physical injury at the time he filed his complaint." *Id*.

Phillips's allegations about the Mouth Sore Condition fare no better. "While dental pain can be substantial and uncomfortable, it does not establish that [a plaintiff] is facing imminent danger of serious physical injury for which time is pressing." *See Perez v. TDCJ Michael Unit*, No. 6:20-cv-656, 2020 WL 848875, at *2 (E.D. Tex. Dec. 29, 2020). "[V]ague, non-specific allegations," *see Moore v. Doe*, No. 3:18-cv-01218, 2018 WL 3426237, at *2 (S.D. Cal. July 13, 2018) -- such as "painful sores in my mouth," *see* ECF No. 1 at PageID 5 -- "are insufficient to trigger the 'imminent danger of serious physical injury' exception to dismissal under 1915(g)." *See Moore*, 2018 WL 3426237, at *2.

Phillips's allegations about the Shoulder Condition do not demonstrate that his "extreme pain and numbness," *see* ECF No. 1 at PageID 4, persisted at the time Phillips filed the complaint. (*See id*. (alleging that Phillips sought medical care for the Shoulder Condition on February 3-5, 2021).) "While Plaintiff alleges he will 'need surgery to repair the damages caused to [his] tendons and ligaments,' these allegations relate to 'things that have happened in the past,' and do not fulfill the imminent-danger requirement." *See Montgomery v. Gerlach*, No. 18-913-M, 2018 WL 6985108, at *1 (W.D. Okla. Nov. 1, 2018); *see also* ECF No. 1 at PageID 4.

The Shoulder Condition, the Lung Condition, and the Mouth Sore Condition are past incidents that no longer affected Phillips when he filed his complaint and that do not entitle Phillips to proceed *in forma pauperis* under the imminent danger exception to § 1915(g). The complaint

4

in this case does not come within the exception to 28 U.S.C. § 1915(g).  *See Rittner*, 290 F. App'x at 797–98.

The IFP Order (ECF No. 4) is VACATED.

Phillips's motion for leave to proceed *in forma pauperis* (ECF No. 2) is DENIED.

Phillips's complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

The Court will re-open this case on a motion that (1) shall be filed by Phillips WITHIN TWENTY-EIGHT (28) DAYS and (2) is accompanied by the FULL $402 CIVIL FILING FEE. If Phillips fails to timely comply, the Court will dismiss this case with prejudice and enter judgment without further notice.

IT IS SO ORDERED, this 17th day of August, 2022.

    /s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE