UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **PRENTISS ANTONIO PHILLIPS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 21-2157-SHM-tmp |
| | ) | |
| **DENTIST THOMAS HENRY, ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DISMISSING CASE;
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
NOTIFYING PHILLIPS OF THE APPELLATE FILING FEE;
NOTIFYING PHILLIPS OF THE COURT'S STRIKE RECOMMENDATION UNDER
28 U.S.C. § 1915(g);
AND CLOSING CASE**

On March 11, 2021, Prentiss Antonio Phillips, who is a three-strike filer pursuant to 28 U.S.C. § 1915(g) of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"), filed a *pro se* civil complaint (ECF No. 1) and a motion to proceed *in forma pauperis* (ECF No. 2). At the time Phillips filed the complaint, he was incarcerated at the West Tennessee State Penitentiary (the "WTSP") in Henning, Tennessee. (ECF No. 1 at PageID 3.)

On August 17, 2022, the Court (1) dismissed the complaint without prejudice and (2) notified Phillips that the Court would re-open the case on a motion to re-open (a) filed by Phillips within twenty-eight (28) days of the Court's entry of the August 17, 2022 Order and (b) accompanied by the full amount of the civil filing fee. (ECF No. 6.) The Court warned Phillips that if he failed to comply in a timely manner, the Court would dismiss the case with prejudice and enter judgment. (*Id*. at PageID 28.)

Phillips's deadline to file a motion to re-open the case expired on Wednesday, September 14, 2022. Phillips has not filed a motion to re-open or sought an extension of time to do so.

For the reasons discussed in the Court's Order dated August 17, 2022, the Court DISMISSES the case with prejudice in its entirety because Phillips has failed to comply with the August 17, 2022 Order in a timely manner, and he has not sought an extension of time to do so.

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter by Phillips would not be taken in good faith. If Phillips nevertheless chooses to file a notice of appeal, Phillips must either pay the entire five hundred and five dollar ($505.00) appellate filing fee or submit a new *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b).

The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated ... brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). For § 1915(g) analysis of Phillips's future filings, if any, the Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, 996 F.3d 350 (6th Cir. 2021).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED, this 12th day of December, 2022.

           /s/ *Samuel H. Mays, Jr.*
           SAMUEL H. MAYS, JR.
           UNITED STATES DISTRICT JUDGE